UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY C. MOORE,<br><br>   Petitioner,<br><br>v.<br><br>WARDEN RAMIREZ,<br><br>   Respondent. | Case No. 1:21-cv-00396-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jimmy C. Moore has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See Pet*., Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

### REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

INITIAL REVIEW ORDER - 1

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] *Id.*

**2.      Discussion**

In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of felony domestic violence and misdemeanor resisting and obstructing police officers. The judgment of conviction was entered in June or July 2015. Petitioner was sentenced to a unified term of 12 years in prison with 4 years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief. *Pet*. at 1–4.[2]

Although Petitioner cites various constitutional provisions when he identifies his claims, the body of the Petition appears to assert claims based only on the right to the effective assistance of counsel.[3] *See, e.g., id*. at 11 (citing, in addition to the right to counsel, the "right to an impartial jury trial and the right to due process, equal protection"). Therefore, the Court construes the Petition as alleging the following claims

---

[1] However, a court undertaking a Rule 4 review is not *required* to comb through a Petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, the Court has considered only the 54-page Petition in its Rule 4 review (Dkt. 2), not Petitioner's affidavit or memorandum in support of the Petition (*see* Dkt. 2-1, 2-2).

[2] Because the Petition is not fully paginated, the Court will cite to the electronic page numbers generated by the CM/ECF system.

[3] Petitioner asserts these ineffective assistance claims under the United States Constitution and under Idaho state law.

of ineffective assistance of counsel ("IAC")[4], which Petitioner asserts under the Sixth and Fourteenth Amendments, as well as under Idaho state law.

| | |
|---|---|
| Claim 1: | IAC based on counsel's failure to strike numerous potential jurors from the venire panel despite Petitioner's requests. *Id*. at 11–15. |
| Claim 2: | IAC based on counsel's failure "to object to improper use of evidence or to object to false testimony." *Id*. at 16. |
| Claim 3: | IAC based on counsel's failure "to present impeachment evidence/call impeachment witnesses to prove false and/or misleading trial testimony and/or petition for post-conviction and for evidentiary hearing." *Id*. at 27. |
| Claim 4: | IAC based on counsel's failure "to present a meritorious appeal from his trial." *Id*. at 35. |
| Claim 5: | IAC based on counsel's failure "to investigate or preform [sic] certain pretrial functions." *Id*. at 38. |
| Claim 6: | IAC based on counsel's failure "to use important evidence and/or object to improper use of evidence" during trial on June 8 and 9, 2015. *Id*. at 44. |

Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

---

[4] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

INITIAL REVIEW ORDER - 3

It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

3.     **Potentially Applicable Standards of Law**

Because Petitioner does not have a lawyer and because the Court finds that focused briefing from the parties would be beneficial in this case, the Court provides the following standards of law that might, or might not, be applicable to Petitioner's case.

   A.     *Only Federal Claims Are Cognizable in this Action*

The Court will not dismiss any claims at this early stage of the proceedings, but it notes that certain grounds for Petitioner's claims may be dismissed, at a later date, as non-cognizable—meaning that they cannot be heard on federal habeas corpus review.

As stated earlier, federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Further, a claim of ineffective assistance of post-conviction counsel is not cognizable as an independent constitutional claim. *Pennsylvania v. Finley*, 481 U.S. 551,

554 (1987). However, such ineffectiveness can, as explained in more detail below, constitute cause to excuse the procedural default of a habeas claim.

### B. *Exhaustion and Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

INITIAL REVIEW ORDER - 5

If a claim is procedurally defaulted, a federal court can only consider the merits of the claim if the petitioner meets one of two exceptions. The petitioner asserting a procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of counsel's ineffective assistance. For example, the failure to object to a trial error, or a failure on appeal to raise a meritorious claim of trial error, may render a claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim

INITIAL REVIEW ORDER - 6

can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

INITIAL REVIEW ORDER - 7

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C.    *Timeliness Issues*

#### i.    One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a claim-by-claim basis, rather than giving the petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows

INITIAL REVIEW ORDER - 8

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In addition, like procedural default, AEDPA's statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

    ii.  <u>Stay-and-Abey Procedures and Relation-Back of Amendments</u>

Because it appears that Petitioner is currently challenging his convictions in successive state post-conviction proceedings, *see Pet*. at 51, Petitioner should be aware that failing to raise any unexhausted claims in an amended petition *in this case* may jeopardize his federal statute of limitations filing date for such claims.

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could consider a habeas petition only if *all* the claims in that petition were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

INITIAL REVIEW ORDER - 9

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims asserted in the original petition, for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To

INITIAL REVIEW ORDER - 10

warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted.

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot* toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The words "same 'conduct, transaction, or occurrence" do *not* mean

INITIAL REVIEW ORDER - 11

simply "the same 'trial, conviction, or sentence,'" because the standard of Rule 15 amendments is considered in conjunction with the "more demanding" standard of Habeas Rule 2(c). *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[5] *Id*.

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition. First, the district court must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Second, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id*. (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co*., 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where

---

[5] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel and "additional defense services." *See* Dkt. 3, 7; *see also Pet*. at 51.

There is no constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 2), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

INITIAL REVIEW ORDER - 13

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's Motion for Appointment of Counsel (Dkt. 3), and Motion Requesting Additional Defense Services (Dkt. 7), are DENIED without prejudice.

3. Because discovery has not been ordered in this case, Petitioner's Motion for Subpoenas Duces Tecum (Dkt. 8) is DENIED. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").

4. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 2), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any

procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first may consider the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or any claims not disposed of on the merits that appear subject to procedural defenses, the Court may then determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

6. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-

reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10. Alternatively, if any of Petitioner's claims are currently under consideration in state court proceedings, Respondent (or Petitioner, for that matter) may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

11. No party may file supplemental responses, replies, affidavits, supplements, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

12. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

13. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

14. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

15. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil

Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

16. Petitioner must at all times keep the Court and Respondent advised of any change in address.

17. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: November 22, 2021

Honorable Raymond E. Patricco
United States Magistrate Judge